IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:19-CR-00075-JM
4:23-CV-00651-JM

CHRISTOPHER SANDERSON

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 46) is DENIED.

### I. BACKGROUND

On July 28, 2020, Petitioner pled guilty to being a felon in possession of a firearm.[1] On December 3, 2020, he was sentenced to 188 months in prison in this case and a consecutive 33 months in Case No. 4:19-cr-00474-02-JM, for a total of 221 months imprisonment.[2] Petitioner did not appeal his sentence.

### II. DISCUSSION – Statute of Limitations

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[3] Since Petitioner did not appeal, his one-year filing period commenced on December 17, 2020 and expired on December 17, 2021.[4]

---

[1] Doc. Nos. 37, 38.

[2] Doc. Nos. 42, 43.

[3] 28 U.S.C. § 2255, ¶6.

[4] The Judgment was filed on December 3, 2020. Unappealed federal criminal judgments become final when the time for filing a direct appeal expires. See *Anijulo-Lopez v. United States*, 541 F.3d 814, n.2 (8th Cir. 2008). The time for filing a notice of appeal in a criminal case is 14 days after the entry of the judgment. See FED. R. CRIM. P. 4(b)(A).

The motion is dated April 10, 2023 so it is untimely. Additionally, Petitioner has provided no reasons for equitable tolling of the statute of limitations.[5]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 46) is DENIED.

IT IS SO ORDERED this 18th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[5]See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).